IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE MIGUEL GOMEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3475 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate George Miguel Gomez filed this *pro se* habeas petition challenging his prison disciplinary conviction. Respondent filed a motion for summary judgment (Docket Entry No. 10), and served a copy on petitioner at his address of record. The Court ordered petitioner to file a response by April 17, 2015. The Court received petitioner's untimely response on May 4, 2015. (Docket Entry No. 21.)[1] Petitioner did not seek leave to file his untimely response, and the response is not properly before the Court.

Based on consideration of the motion, the record, and the applicable law, the Court GRANTS respondent's motion for summary judgment and DISMISSES this case for the reasons that follow.

---

[1] Petitioner did not include a certification stating the date that he submitted his response to prison officials for mailing, and he cannot utilize the "mail box rule" to render his response timely filed. *See Fisher v. Johnson*, 174 F.3d 710, 712 n. 8 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Nevertheless, and in the interest of justice, the Court has reviewed the response and finds that it would not have provided the Court any basis for denying summary judgment.

*Procedural Background and Claims*

Petitioner states that, following a disciplinary hearing, he was found guilty of a prison disciplinary infraction for threatening to harm an officer. He was punished with cell restrictions, loss of commissary and recreation privileges, and a reduction in line classification. He also forfeited 100 days' good time credit. His administrative appeals were denied. Respondent does not contest petitioner's statement that he is eligible for mandatory supervised release.

Petitioner challenges his disciplinary conviction on the following grounds:

1. The disciplinary hearing officer ("DHO") violated prison procedures by stopping the audio recorder during the hearing;

2. He was found guilty for an offense he was not charged with;

3. He was not allowed to speak freely at the hearing;

4. He was not allowed to call witnesses on his behalf;

5. There was insufficient evidence to find him guilty; and

6. Counsel substitute was ineffective.

Respondent argues that two or more of these grounds are unexhausted, and that all of the grounds are without merit. Failure to exhaust notwithstanding, the Court will address all of petitioner's claims as they have no merit. Respondent has submitted a copy of the written portion of the Disciplinary Hearing Record ("DHR") as well as a computer disc ("DHR-CD")

of the audio portion of the DHR. The Court has reviewed all available portions of these records.

*Analysis*

*Counsel Substitute*

Petitioner complains that counsel substitute provided ineffective assistance during the disciplinary proceedings. It is well established that inmates have no constitutional right to counsel for purposes of prison disciplinary proceedings, and that ineffective assistance claims cannot be raised against a counsel substitute. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *see also Raines v. Stephens*, 2015 WL 2447221, *5 (5th Cir. 2015). Petitioner's complaints regarding counsel substitute present no constitutional issue, and this claim is dismissed for failure to state a cognizable federal habeas claim.

*Actions of the DHO*

Petitioner complains that the DHO temporarily stopped the audio tape-recorder one or more times during the disciplinary hearing. Petitioner asserts that this action violated prison disciplinary hearing rules and denied him due process.

Prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Wolff*, the Supreme Court held that due process requires that a prisoner charged with a disciplinary infraction be provided with: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and

3

present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action; and (4) a counsel substitute when the inmate is illiterate or when the case appears complex, thus requiring the inmate to be aided in the presentation of evidence. *Id*. at 563–67.

The DHR shows that these due process requirements were met in petitioner's case. Petitioner was notified of the offense at 6:22 a.m. on May 20, 2014. DHR, p. 2. His disciplinary hearing took place at 8:25 a.m. on May 21, 2014. *Id*. During the disciplinary hearing, petitioner confirmed that he understood the charge against him and his rights at the disciplinary hearing, and that he received a copy of the charge prior to the hearing. DHR-CD. During the disciplinary hearing, petitioner made a statement in his defense and submitted three witness statements. Petitioner's counsel substitute read the statements aloud on petitioner's behalf. *Id*. Petitioner, through counsel substitute, subsequently questioned the charging officer. *Id*. A written statement of guilt and the evidence relied upon was provided to petitioner. *Id*. Thus, the record shows that petitioner received the required twenty-four hours' notice prior to the disciplinary hearing, was given the opportunity to call witnesses or present evidence at the hearing, received a written statement regarding the offense, and was provided the reason for the disciplinary action. Petitioner was provided all due process rights afforded him under *Wolff*.

*Wolff* does not require prison officials to tape record an inmate's prison disciplinary hearing. Even assuming the DHO in petitioner's case had temporarily stopped the tape recorder during the disciplinary hearing, such actions did not constitute a violation of petitioner's due process protections.

Petitioner's complaint regarding the stopping of the tape recorder during the hearing presents no constitutional issue, and this claim is dismissed for failure to state a cognizable federal habeas claim.

*Uncharged Offense*

Petitioner next contends that he was found guilty of an uncharged offense. His claim is rebutted by the record itself. Petitioner was charged in writing with threatening to inflict harm on an officer by threatening to throw body fluids on him. Petitioner was found guilty of this same charge. Petitioner is apparently complaining that the charge was modified at some point from "by throwing body fluids" to "threatening to throw body fluids." The DHR shows that petitioner stated in response that, "I didn't threaten nobody, and that "I got no reason to threaten nobody." The charging officer stated that petitioner "did in fact threaten to harm him with bodily fluids." DHR, p. 3–7. The charging officer stated that petitioner threatened to throw "piss and feces" on him. *Id*., p. 4.

A review of the modification in context shows that it did not change the charge, but rather, clarified it. The typewritten portion of the charge stated that petitioner "threatened to inflict harm on [the officer] by throwing body [*sic*] fluid on [him]." *Id*., p. 3. The

5

handwritten phrase, "threatening to throw," was added at some undisclosed point, such that the charge stated that petitioner "threatened to inflict harm on [the officer] by threatening to throw body [*sic*] fluid on [him]." The modification did not charge petitioner with a new or different disciplinary infraction, as petitioner remained charged with threatening to inflict harm on the officer. It is clear from the record that the charging officer never stated that petitioner actually threw bodily fluids at him, nor was petitioner at any point charged with actually throwing bodily fluids at the officer. All portions of the record reflect that the charge was based on *threatened* action by petitioner; that petitioner did, or did not, actually throw bodily fluids at the officer was not at issue.

No due process violation is shown, and petitioner is not entitled to habeas relief on this claim.

*Inability to Speak Freely*

Petitioner further asserts that he was not allowed to "speak freely" at the disciplinary hearing in that the DHO interrupted him throughout the hearing. *Wolff* does not afford inmates a constitutional right to "speak freely" at disciplinary hearings, nor does it require that an inmate be allowed speak without limitation. To the contrary, *Wolff* states that an inmate must have an opportunity to call witnesses and present documentary evidence when the presentation would not be unduly hazardous to institutional safety and correctional goals. Petitioner's complaints that the DHO interrupted him or otherwise limited his opportunity to speak at length during the hearing do not rise to the level of a due process violation.

To any extent petitioner claims that the DHO's actions and behavior evinced bias or prejudice against petitioner, petitioner fails to establish such a claim. To prevail on a claim that a disciplinary hearing officer was biased, an inmate must show that the actions taken "present[ed] such a hazard of arbitrary decision making that it should be held violative of due process of law." *Wolff*, 418 U.S. at 570. Petitioner's generalized complaints against the DHO in this case fall well short of this mark.

No due process violation is shown, and petitioner is not entitled to habeas relief on these claims.

*Defense Witnesses*

Petitioner alleges that the DHO did not allow him to present defense witnesses. To the contrary, the DHR and DHR-CD shows that the statements of three inmate witnesses were submitted to the DHO and read aloud by substitute counsel. DHR, pp. 9–11; DHR-CD. All three of the inmate witnesses stated that petitioner had not threatened the officer.

Petitioner does not disclose the identity of any witnesses whose testimony or statements he was not allowed to present. Petitioner further fails to show that he was not allowed to present relevant defense evidence and that disallowance of such evidence prevented his presentation of a viable defense.

No due process violation is shown, and petitioner is not entitled to habeas relief on this claim.

*Insufficient Evidence*

Petitioner claims that the evidence is insufficient to sustain the disciplinary conviction. It has long been recognized that federal habeas review of the sufficiency of the evidence in a disciplinary conviction is extremely limited. Due process requires only some evidence to support the findings made in the disciplinary hearing. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985). Ascertaining whether the evidence is sufficient in context of a prison disciplinary conviction does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id*. at 455. Rather, the relevant question is whether there is *any* evidence in the record that could support the determination of guilt. *Id*. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

Under these standards, this Court may not re-evaluate the credibility of the witnesses and evidence presented at the hearing, as believability of the witnesses and testimony is left to the discretion of the DHO. *See Hudson v. Johnson*, 242 F.3d 534, 536–537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. *Id*. at 537.

Here, the record shows that the DHO relied on the charging officer's report and testimony to find petitioner guilty. DHR, p. 7; DHR-CD. The officer's report and testimony

8



provide the required "some evidence" to support petitioner's conviction and punishment in this instance.

Petitioner's disagreement with the charging officer's testimony and with the DHO's finding of guilt are not grounds for setting aside the disciplinary conviction. Moreover, his unsupported claim that prison video cameras would have proved his innocence is conclusory and provides no basis for setting aside the conviction. This Court's review of the DHR and DHR-CD shows some evidence to support the disciplinary conviction, and petitioner's challenge to the sufficiency of the evidence is without merit.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 10) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on June 9, 2015.

_____
Gray H. Miller
United States District Judge